UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| **LACRESHA MURRAY** § | |
| § | |
| *Plaintiff* § | |
| § | |
| v. § | CIVIL ACTION NO. 1-23-cv-00541 |
| § | |
| **ERIC ANTHONY STONEBURNER** § | |
| and **THE CITY OF COPPERAS COVE** § | |
| § | |
| *Defendants* § | |

**THE CITY OF COPPERAS COVE'S OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT OR MOTION TO EXTEND TIME FOR LIMITED MONELL DISCOVERY**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, THE CITY OF COPPERAS COVE, TEXAS (hereinafter "City"), a Defendant in the above entitled and numbered cause, and files its Opposition to Plaintiff's Motion for Leave to File an Amended Complaint or Motion to Extend Time for Limited *Monnell* Discovery, and would show unto the Court as follows:

**1.      Procedural History**

1.1     Plaintiff filed an Original Complaint that was devoid of non-conclusory allegations that could support municipal liability.

1.2     The City filed a Motion to Dismiss pursuant to Rule 12(b)(6).

1.3     The City agreed to a 14-day extension for the Plaintiff to respond to the City's Motion to Dismiss.

1.4     Instead of filing a response, Plaintiff amended her Complaint. However, the amended complaint did nothing to state a claim of municipal liability. Rather, it simply added more conclusory and speculative allegations.

1.5     The City filed a Motion to Dismiss the Amended Complaint.

1.6     The Plaintiff then Filed a Motion to File an Amended Complaint or Extension of Time to Respond to Motion to Dismiss.

1.7     The City opposed the motions.

1.8     NOW, Plaintiff supplements her motion to file an amended complaint with yet *another/different proposed Complaint*, complete with 800 or so pages of attachments, and a motion to extend time for limited *Monnell* discovery.

1.9     The City opposes this relief. Plaintiff has been given sufficient opportunities to come up with a Complaint that states municipal liability and has had plenty of time to come up with facts to support the Complaint, including a long stay of this case. Further, the proposed Complaint absolutely fails to state a claim of municipal liability against the City and the amendment is futile. Finally, Plaintiff is not entitled to discovery. Discovery is intended to support a case already sufficiently pleaded, not to conduct a fishing expedition to find support for pleading the case in the first instance.

## 2.     The Proposed Complaint

2.1     The Proposed Complaint does nothing to change the conclusory and speculative nature of the municipal liability action against the City. One item of interest that was changed is the reference to Stoneburner's plea agreement stating something to the effect that if he had been trained on the matter he might have acted differently. Plaintiff's approval was required for any plea agreement and Plaintiff required that this language be put in the plea agreement to help with her civil case. The statement, aside from being inorganic, does not state what training was lacking, what training was or was not received, and how that training would have changed the outcome.

There is one (1) reference to a police shooting in 2013, without any description as to whether it was an excessive force incident. Temporally and numerically, this does nothing to show a custom that was so widespread that the City policymakers had to know about it and were deliberately indifferent to it.

The proposed Complaint does no more to state municipal liability than the previous versions; simply containing conclusory and speculative lists of alleged policies. *See* Proposed Complaint at Paras. 105-106, 125-126, 130.

2.2     The Proposed Complaint re-states state law torts, however, the City has governmental immunity from these torts. Intentional torts, including assault, battery, slander, libel and false imprisonment, intentional infliction of emotional distress, etc., do not come within the waiver of the Tort Claims Act because they are specifically excepted by Section 101.057 of the *Texas Civil Practice & Remedies Code*. *See Goodman v. Harris County*, 571 F. 3d 388, 394 (5th Cir. 2009); *Johnson v. Waters*, 317 F. Supp. 2d 726, 739 (E.D. Tex. 2004); *Jackson v. Texas A & M Univ.*, 975 F. Supp. 943, 946 (S.D. Tex. 1996).

2.3.    The Proposed Complaint also re-states a claim for punitive damages, for which the City cannot be liable. *City of Newport v. Fact Concerts*, 453 U.S. 247 (1981).

**3.      Amendment Futile.**

3.1     <u>No Course and Scope; or Failure to Plead Policy or Custom Causing Off-Duty Violent or Criminal Activity.</u>

a)      <u>No Course and Scope</u>. According to the proposed Second Amended Complaint, Stoneburner did not do anything to identify himself as an officer until *after* all of the shots had been fired. His commission of a criminal act off-duty was not within the course and scope of his employment. For example:

- *Arreola v. Zapata County, Tex.*, No. 98-41357, 240 F.3d 1074, 2000 WL 1835301, at *2 (5th Cir. 2000) (per curiam) (unpublished) (holding that there was no error in concluding that a police officer was not on duty and was not acting in the course or scope of his employment where the police officer fired his county-supplied hand gun at an individual during a confrontation at a private social affair); and

- *Kovalchuk v. City of Decherd, Tennessee*, 95 F.4th 1035, 1042 (6th Cir. 2024) (refusing to hold the City liable where an off-duty police officer brandished a firearm in an apparent incident of road rage).

This was a result of Stoneburner's personal motivation and not his employment with the City.

b) <u>Failure to Plead a Policy or Custom that is the Moving Force Behind an Act of Off-Duty Violent or Criminal Activity and Deliberate Indifference</u>. A policy or custom must be closely tied to the alleged incident. In this case the alleged incident took place when Stoneburner was off-duty and committed a violent and ultimately determined, criminal act. Thus, the policy or custom at issue must be one that was the moving force of an off-duty violent or criminal act. Here, there is no pleading that the City was aware of any problems regarding the training of off-duty police officers' practices or that the City knew that the training of off-duty police officers' practices was likely to endanger the constitutional rights of its citizens. *Holland v. City of Houston*, 41 F. Supp. 2d 678,708-09 (S.D. Tex. 1999). "The City's failure to provide further training in this circumstance would rise to the level of deliberate indifference only if it was aware of a series of constitutional violations" by its officers while they were off-duty. *Robles v. City of Fort Wayne*, 113 F. 3d 732,736 (7th Cir. 1997). *See also Holland*, 41 F. Supp. 2d at 609; *Gomez v. New Orleans*, 2019 WL 7291059*5 (E.D. La. 2019) ("The complaint lacks specific facts that demonstrate that the City was deliberately indifferent to the rights of citizens in terms of training its officers on how to behave on their off-duty time…, or that there was a pattern of similar violations arising from inadequate training rather than an officer's private motivations."). The case law is generally in favor of municipalities regarding official policy and custom allegations where an off-duty officer engages in intentional and/or illegal conduct. Some recent examples include:

- *Rodriguez v. City of Houston*, 651 Fed. App'x 282, 285 (5th Cir. 2016) (concluding that the City's official policies did not directly cause a constitutional deprivation where an intoxicated, off-duty police officer attempted to break up a fight at a bar and ended up shooting and killing one of the combatants in the fight); and

- *York v. Welch*, No. 20-40580, 2024 WL 775179, at *4 (5th Cir. Feb. 26, 2024) (concluding that plaintiff had not plausibly pleaded that the City maintained a policy of widespread and persistent use of excessive force where an off-duty police officer, who had yelled

"Beaumont PD" twice, accosted an individual who had recently left a bar, verbally and physically taunted the individual, and eventually shot and killed the individual).

3.2 <u>General Failure to Plead Policy or Custom</u>. Beyond the foregoing, Plaintiff has failed to plead a Section 1983 action against the City.

The City cannot be liable pursuant to Section 1983 under a theory of *respondeat superior* or vicarious liability. *See Monnell v. City of New York Dept. of Social Serv.*, 436 U.S. 658, 694, 108 S.Ct. 915, 923 (1978); *City of St. Louis v. Praprotnik*, 485 U.S. 112, 108 S.Ct. 915, 923 (1988); *Worsham v. City of Pasadena*, 881 F.2d 1336, 1339-40 (5th Cir. 1989).

A government can have civil rights liability "when, and only when," its "official policies cause [its] employees to violate another person's constitutional rights." *See Praprotnik*, 108 S.Ct at 923. That is, municipal liability must be direct, not vicarious. *See Bennett v. City of Slidell*, 728 F.2d 762, 765 (5th Cir. 1984), *cert. denied*, 472 U.S. 1016 (1985).

In order to establish policy by custom a plaintiff must allege specific facts, which if true, would establish that the "relevant practice is so widespread as to have the force of law." *See Board of County Commr's v. Brown*, 520 U.S. 397, 404 (1997); *Campbell v. City of San Antonio*, 43 F.3d 397, 977 (5th Cir. 1995). The practice must be "persistent" and "widespread" such that it "is so common and well settled as to constitute a custom that fairly represents municipal policy." *See Webster v. City of Houston*, 735 F.2d 838, 841 (5th Cir. 1984). To support a pattern such incidents must have occurred for so long or with such frequency that the government employer *must* be attributed with knowledge and approval of such conduct as accepted and expected practice. *See Peterson v. City of Fort Worth*, 588 F.3d 838, 850-51 (5th Cir. 2009). This requires "sufficiently numerous" prior incidents, not isolated incidents. *Id. See also McConney v. City of Houston,* 863 F.2d 1180, 1184 (5th Cir. 1989).

Plaintiff must establish that the government, through its *deliberate conduct*, was the "moving force" behind the harm suffered by the plaintiff. *See Board of County Comm'rs of Bryan County, Okla. v. Brown*, 520 U.S. 397 (1997). "The unconstitutional conduct must be directly attributable to the municipality through some sort of official action . . . isolated unconstitutional acts of employees will almost never trigger [municipal] liability." *See Piotrowski v. City of Houston,* 237 F.3d 567, 578

(5th Cir. 2001). "This connection must be more than a mere 'but for' coupling between cause and effect." *See Fraire v. City of Arlington*, 957 F.2d 1268, 1281 (5th Cir. 1992).

In addition, a plaintiff must allege and show that the municipality's policy or custom that caused the alleged harm was either unconstitutional or "promulgated with deliberate indifference." *See Piotrowski v. City of Hous.,* 237 F.3d at 578. Deliberate indifference is a stringent standard: it requires "that a municipal actor disregarded [the] known or obvious consequence that constitutional violations would result." *See Porter v. Epps,* 659 F.3d 440, 446–47 (5th Cir.2011). Stated differently, the policymaker must have had actual knowledge, or it must have been clearly obvious that constitutional violations would result, and the policymaker must have promulgated the policy in spite of that fact. *See Piotrowski v. City of Houston*, 237 F.3d at 579. Negligence or even gross negligence does not suffice. *Id.* This standard is carefully followed to avoid municipal liability devolving into *respondeat superior* liability. *See James v. Harris Cnty.*, 577 F.3d 612, 618 (5th Cir. 2009) ("Of the moving force and deliberate indifference elements of municipal liability, we have stressed: 'These requirements must not be diluted, for '[w]here a court fails to adhere to rigorous requirements of culpability and causation, municipal liability collapses into respondeat superior liability.'"" *Snyder v. Trepagnier,* 142 F.3d 791, 796 (5th Cir.1998) (quoting *Bd. of County Comm'rs of Bryan County, Okl. v. Brown,* 520 U.S. 397, 117 S.Ct. 1382, 137 L.Ed.2d 626 (1997)").

Conclusory Allegations Cannot Support a Policy or Custom. Conclusory allegations are not sufficient to support a civil rights action against a government entity. *See Spiller v. City of Texas City*, 130 F. 3d 162, 167 (5th Cir. 1997); *Fraire v. City of Arlington*, 957 F.2d 1268, 1277-1281 (5th Cir. 1992). And formulaic recitations of policy, custom, or practice do not state a claim. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 697 (2009). "The description of a policy or custom and its relationship to the underlying violation . . . cannot be conclusory; it must contain specific facts." *See Spiller*, 130 F. 3d at 167. *See also Fraire,* 957 F.2d at 1277-78; *Rose v. Williamson County* 2000 U.S. Dist. Lexis 20621 *16-17 (W.D. Tex. 2000); *Riley v. Jackson County Sheriff's Dept.* 202 Fed. Appx. 705 (5th Cir. 2006); *Truvia v. Julien*, 187 Fed. Appx. 346 (5th Cir. 2006). "To proceed beyond the pleading stage, a complaint's

description of a policy or custom and its relationship to the underlying constitutional violation" must be supported by the pleading of specific facts. *See Pena v. City of Rio Grande*, 879 F.3d 613, 622-23 (5th Cir. 2018). Mere allegations of one's own incident cannot support a custom. *Id. See also Guillot on behalf of T.A.G. v. Russell*, 59 F. 4th 743, 752 (5th Cir. 2023) (pleading of policy or custom cannot be conclusory).

Where a Plaintiff attempts to assert "failure to train" policies even more detailed allegations are required. "[F]or liability to attach based on an 'inadequate training' claim, a plaintiff must allege with specificity how a particular training program is defective." *See Roberts v. City of Shreveport*, 397 F.3d 287, 293 (5th Cir. 2005). The mere allegation that more or better training could have prevented the alleged injury is insufficient. *Id. See also City of Canton v. Harris*, 489 U.S. 378, 391 (1989). And simply attaching conclusory allegations of policy to the alleged cause of the injury is not sufficient. *Id. See also Almanza v. Salazar*, 33 F.Supp.3d 747 (S.D. Tex. 2013) (conclusory allegations insufficient). Almost any incident could state a failure train case if all that a plaintiff was required to allege is that more or better training could have been provided. *See Roberts*, 397 F.3d at 293.

To support a policy of failure to train there must be "actual or constructive notice" "that a particular omission in [the] training program causes ... employees to violate citizens' constitutional rights" and the actor nevertheless "choose[s] to retain that program." *See Connick v. Thompson*, 131 S.Ct. 1350, 1360, 179 L.Ed.2d 417 (2011). **"A pattern of similar constitutional violations by untrained employees is ordinarily necessary to demonstrate deliberate indifference," because "[w]ithout notice that a course of training is deficient in a particular respect, decisionmakers can hardly be said to have deliberately chosen a training program that will cause violations of constitutional rights."** *Id.* (internal quotation marks omitted). If a standard "less stringent" than deliberate indifference were to be employed "a failure-to-train claim 'would result in *de facto respondeat superior* liability.'" *Id.* (quoting *City of Canton v. Harris,* 489 U.S. 378, 392, 109 S.Ct. 1197, 103 L.Ed.2d 412 (1989). **"A municipality's culpability for a deprivation of rights is at its most tenuous where a claim turns on a failure to train."** *See*

*Connick*, 131 S. Ct. at 1359. *See also Goodman v. Harris Cnty.*, 571 F.3d 388, 395 (5th Cir. 2009) ("To establish deliberate indifference, a plaintiff usually must demonstrate a pattern of violations and that the inadequacy of the training is obvious and obviously likely to result in a constitutional violation." (quoting *Cousin v. Small,* 325 F.3d 627, 637 (5th Cir.2003) (internal quotation omitted)); *Cardenas v. Lee County*, 569 Fed. Appx. 252, 257 (5th Cir. 2014) (In the failure to train context, "deliberate indifference generally requires a showing that the municipality failed to change its training methods" despite knowledge of a pattern of incidents "in which the training methods caused constitutional violations." Allegation of two other incidents where inmates allegedly denied medical care for a serious medical need did not "clear the high bar" applicable to a failure to train case).

Plaintiff's conclusory, speculative and legalistic allegations fail to state a claim of municipal liability against the City. *See* Proposed Complaint at Paras. 105-106, 125-126, 130.

**4.    Response to Motion for Limited *Monnell* Discovery**

4.1    The request for discovery is an admission that Plaintiff does not have the facts to plead municipal liability. Plaintiff's Proposed Complaint does not provide allegations sufficient to support municipal liability. *Ashcroft v. Iqbal*, 556 U.S. 662, 697 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). **The Supreme Court has made clear that the doors of discovery are not unlocked for a plaintiff armed only with conclusions**. *Iqbal*, 556 U.S. at 678-79. Discovery rules are not to find out if a party has any basis for a claim. *Micro Motion, Inc. v. Kane Steel Co., Inc.*, 894 F. 2d 1318, 1327 (5th Cir. 1989). Furthermore, discovery is not intended as a fishing expedition permitting speculative pleading of a case first and then the use of discovery to try to support it. *Zuk v. Eastern Pa. Psych. Institute of the Med. College*, 103 F. 3d 294, 299 (3rd Cir. 1996); *Nyabwa v. City of Corpus Christi*, 2018 WL 6984561*3 (S.D. Tex. 2018); *Russell v. Choicepoint Servs., Inc.*, 302 F. Supp. 2d 654, 671 (E.D. La. 2004); *Walker v. Apple Studios Louisiana, LLC*, 2024 WL 347893*7 (M.D. La. 2024). There must be some factual basis for the claim. *Id.*

4.2	No authority has been found for granting limited *Monnell* discovery in the face of a motion to dismiss. Furthermore, Plaintiff has had ample time through the various sources available to her to attempt to state a *Monnell* claim. As set forth above, whether to establish a custom or deliberate indifference an ample number of relevant, similar instances must be pleaded. Plaintiff pleads a police shooting in 2013, which she cannot even identify as involving excessive force. Thus, despite having access to historical media, court dockets, and other items, Plaintiff does not meet the pleading standards for a *Monnell* claim; and there is no legal basis to allow her to attempt to do so by discovery.

WHEREFORE, the City respectfully requests that Plaintiff's Motions be in all things denied.

Respectfully submitted,

BY: */s/ Michael W. Dixon*
MICHAEL W. DIXON
State Bar No. 05912100
Email: mdixon@haleyolson.com
BRANDON R. OATES
State Bar No. 24032921
Email: boates@haleyolson.com
DAVID I. SHAW
State Bar No. 24032921
Email: dshaw@haleyolson.com
**HALEY & OLSON, P.C.**
100 N. Ritchie Road, Suite 200
P.O. Box 21147
Waco, Texas  76702-1147
Telephone:	(254) 776-3336
Telecopier:	(254) 776-6823

*Attorneys for Defendant the City of Copperas Cove*

## **CERTIFICATE OF SERVICE**

      This is to certify that a true and correct copy of the foregoing instrument has been delivered to all parties of record, in compliance with the Court's CM/ECF system and/or Rule 5 of the Federal Rules of Civil procedure, on the 28th day of May, 2024.


                                /s/ *Michael W. Dixon*
                                MICHAEL W. DIXON